**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| DAVID S. LOWRY, CPA, LTD., an Ohio limited partnership, individually and on behalf of a class of similarly situated businesses and individuals, | : : : : : | Case No. 1:20-cv-348 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| U.S. BANCORP, *et al.*, | : : | |
| Defendants. | : | |

---

**ORDER GRANTING IN PART, DENYING IN PART, PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING JPML DETERMINATION ON MOTION TO CENTRALIZE RELATED ACTIONS IN A MDL (Doc. 43)**

---

This matter is before the Court on the motion to stay entered by Plaintiff David S. Lowry, CPA, LTD ("Lowry") (Doc. 43). Lowry seeks to stay all the proceedings in this action pending the determination by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to centralize related actions in multidistrict litigation ("MDL"). Lowry also seeks to stay the briefing on the pending motions to dismiss (Docs. 41 and 42) until the JPML makes its decision.

**I.**

On July 23, 2020, Lowry filed the motion to stay this proceeding, including the briefing on the pending motions to dismiss, until 30 days after the JPML decides whether to centralize the related actions in a MDL. (Doc. 43 at 1.) Lowry's responses to the

pending motions to dismiss are due July 29, 2020. *See* S.D. Ohio Civ. R. 7.2(a)(2) (providing 21 days for responses to motions). Lowry represents that Defendants indicated they would not consent to staying the proceedings. (Doc. 43 at 5.) But because there is no time to wait for the motion to stay to be fully briefed before Lowry's responses are due, the Court decides the motion to stay without the benefit of a response. For the reasons below, the Court will grant in part and deny in part Lowry's motion to stay. Specifically, the Court will stay its consideration of the motions to dismiss until the JPML makes its determination, but it will not stay the briefing on the motions to dismiss.

On May 22, 2020, a motion was filed with the JPML to transfer several pending and related actions, including this one, to either the U.S. District Court for the Northern District of Georgia or the District of Arizona. (MDL Case No. 2950, Doc. 1.) That motion is currently pending. The complaint filed in this Court was attached as an exhibit. (See MDL Case No. 2950, Doc. 1-15.) The JPML will hear oral argument on July 30, 2020, on whether to centralize the related actions. (MDL Case No. 2950, Doc. 230.)

On June 24, 2020, after Defendants filed a motion to dismiss in this case (*see* Doc. 17), Lowry filed an amended complaint. (Doc. 36.) On July 8, 2020, Defendants filed renewed motions to dismiss. (Docs. 41, 42.) Later—six days before the responses to those motions were due, but about two months after the motion for transfer was filed with the JPML—Lowry sought to stay the proceeding, including the responses to the motions to dismiss.

## II.

Federal courts have the inherent authority to stay proceedings. *See Landis v. North*

*American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Hill v. Mitchell*, 30 F.Supp.2d 997, 1000 (S.D. Ohio 1998) ("the Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins, Co. of Am.*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998).

When courts consider stays in the context of pending multidistrict litigation, they consider (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Currey v. Davol, Inc.*, No. 2:18-CV-222, 2018 WL 2538724, at *2 (S.D. Ohio June 4, 2018); *State of Ohio v. United States Envtl. Prot. Agency*, No. 2:15-CV-2467, 2015 WL 5117699, at *2 (S.D. Ohio Sept. 1, 2015); *Dowler v. Med. Shoppe*, No. 2:07 CV 848, 2007 WL 2907519, at *2 (S.D. Ohio Oct. 3, 2007).

III.

Lowry argues that Defendants will not be prejudiced because this case is at an early stage and discovery has not yet commenced. He claims he will experience hardship and inequity in being forced to litigate this matter now and potentially later in another venue. He also faces the risk of inconsistent rulings if he is forced to litigate the same issue in different courts. Furthermore, he claims a stay would preserve judicial resources. If this action is centralized into an MDL, he argues, a stay will spare this Court from the

3

waste of time spent considering the motions to dismiss. Last, he states that any delay in resolving the motions to dismiss will be minimal. (Doc. 43.)

*Prejudice to Defendants.* The Court agrees that a stay of its resolution of the motions to dismiss is unlikely to cause Defendants significant prejudice. If the JPML decides not to centralize and consolidate the related actions in a MDL, the delay during the pendency of the JPML's resolution would not be significant.

*Hardship and inequity.* Lowry may also face hardship in the form of varying rulings, if the JPML rules favorably on the motion to transfer. One of the purposes of MDL transfers is "to eliminate the potential for conflicting pretrial rulings." *Dowler*, 2007 WL 2907519, at *2.

The Court will not, however, stay the briefing on the pending motions to dismiss unless Defendants join in that request. The motion to transfer was filed with the JPML on May 22, 2020 (*see* MDL Case No. 2950, Doc. 1) and Defendants filed the renewed motions to dismiss on July 8, 2020 (Docs. 41, 42). But Lowry did not seek a stay until July 23 — six days before his responses were due and two months after the motion to transfer was filed with the JPML. The Court therefore does not find that Lowry will face hardship or inequity by responding to the pending motions to dismiss.

Lowry claims that the JPML may decide the motion to transfer before briefing on the motions to dismiss concludes. (Doc. 43 at 8.) The Court recognizes this is a possibility, but finds it unlikely, in part because of Lowry's own representation that the JPML decides such motions within two to three weeks. (*Id.*) Lowry's responses are due July 29, 2020. The JPML is holding oral argument on July 30, 2020. Defendants' replies in support of

the motions to dismiss would be due no later than August 12, 2020.  Even if Lowry is correct that the JPML decides motions to transfers within three weeks, therefore, the briefing on the motions to dismiss is likely to be ripe by the time that decision comes.

*Judicial economy*.  Finally, the Court agrees that it preserves judicial economy to refrain from deciding the motions to dismiss until the JPML decides the pending motion to transfer.

IV.

Upon consideration, the Court **GRANTS IN PART AND DENIES IN PART** Lowry's motion to stay (Doc. 43.)  The Court will stay its consideration of the pending motions to dismiss until the JPML decides the pending motion to transfer in MDL Case No. 2950, but not the briefing of those motions.  The parties shall comply with the current briefing deadlines as laid out in S.D. Ohio Civ. R. 7.2(a).  The parties are **DIRECTED** to inform the Court when the JPML decides the motion to transfer.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
